UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIO SANCHEZ JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 1322 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

In August 2021, the City of Chicago (the "City") imposed a vaccine mandate for all of its employees. Plaintiff Julio Sanchez Jr., a firefighter for the City, objected to receiving the COVID-19 vaccine on religious grounds and sought a religious exemption. While one of his exemption requests remained pending, however, he received the COVID-19 vaccine and continued his work uninterrupted. He then filed this lawsuit against the City, contending that the City failed to accommodate him and retaliated against him in violation of Title VII; violated the First Amendment, the Due Process Clause of the Fourteenth Amendment, and the Illinois Health Care Right of Conscience Act; and intentionally or negligently inflicted emotional distress. The City has moved to dismiss Sanchez's claims for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). Because Sanchez voluntarily chose to comply with the vaccine mandate despite having a pending exemption request, he did not suffer an injury in fact and so the Court must dismiss Sanchez's amended complaint for lack of standing.

## BACKGROUND[1]

Sanchez has worked for the City as a firefighter/EMT for over fifteen years. As a Christian, he maintains sincerely held religious beliefs, including that he should not receive the COVID-19 vaccine.

In August 2021, the City adopted a COVID-19 vaccination policy that required all employees to receive the COVID-19 vaccine or else the City would place the non-complying employees on non-pay status. The policy provided for medical and religious exemptions. On October 10, 2021, Sanchez contacted the City's human resources department ("HR") with questions about the policy, expressing his concerns regarding the COVID-19 vaccine. His email included seventeen questions, but HR only responded to one.

On November 23, 2021, Sanchez submitted an exemption request, citing to the Illinois Health Care Right of Conscience Act and requesting an exemption from the COVID-19 vaccine requirement based on his religious beliefs. HR responded by email on December 3, 2021, asking for more information, including Sanchez's reason for seeking a religious exemption, the duration of Sanchez's religious practices, and whether his beliefs also gave rise to objections to other vaccines and medications. HR additionally requested that Sanchez complete a fetal cell form. On December 15, 2021, HR denied Sanchez's initial exemption request, indicating that he did not provide the requested information. Sanchez then submitted the additional information, except for the fetal cell form, to HR on December 19, 2021, along with a second exemption request. Sanchez followed up on this request several times, and he ultimately received notice of

---

[1] The Court takes the facts in this section from the amended complaint and presumes they are true for the purpose of resolving this motion. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). The Court also considers the additional materials submitted by the parties when considering the motion to dismiss pursuant to Rule 12(b)(1). *See Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).

a denial on December 28, 2021. That denial indicated that those employees who did not meet the vaccination requirement within six weeks of the denial of their exemption request may face non-disciplinary, non-pay status.

Sanchez then submitted a third exemption request on January 3, 2022, which he treated as a new request. He did not receive an acknowledgment of the request from HR. Given the uncertainty over the status of his exemption request and the deadline to comply with the vaccination policy, Sanchez decided to receive the first dose of the COVID-19 vaccine on January 5, 2022. That same day, he filed a union grievance regarding the vaccination, and he sought out assistance from the EEOC the following day. He also reached out to HR, the EEOC, the Chicago Fire Department's chain of command, and the City's Office of the Inspector General about his objections to receiving the vaccine. He did not receive substantive responses from these departments. Therefore, on February 10, 2022, Sanchez received the second dose of the COVID-19 vaccine. Sanchez never received a decision from HR on his third exemption request.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The standard of review for a Rule 12(b)(1) motion to dismiss depends on whether the defendant raises a facial or factual challenge. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction—a facial challenge—the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences" in the plaintiff's favor. *Id.* "[W]hen evaluating a facial challenge to subject matter jurisdiction," the Court employs the *Twombly–Iqbal* "plausibility" standard, "which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Id.* at 174. If, however, the defendant contests the

truth of the jurisdictional allegations—a factual challenge—the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established subject matter jurisdiction by a preponderance of the evidence. *See id.* at 173; *Apex*, 572 F.3d at 444–45; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The City argues that the Court should dismiss Sanchez's amended complaint for several reasons, including that he lacks standing, his claims are not actionable, he has not sufficiently stated his claims, the Illinois Human Rights Act and Illinois Workers Compensation Act preempt his claims, and the Illinois Tort Immunity Act bars his claim. The Court need only address the first argument, that Sanchez lacks standing to pursue his claims.

"[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal court jurisdiction to actual cases or

controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "Standing to sue is an important component of that limitation." *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338 (citing *Lujan*, 504 U.S. at 560–61).

The City argues that Sanchez lacks standing because he chose to get vaccinated before the City decided on his pending exemption request, meaning he did not suffer any redressable injury. Sanchez, meanwhile, contends that the City's policy compelled him to get vaccinated while his exemption request languished without action. The Court agrees with the City, however, that Sanchez's decision to obtain the vaccination while his exemption request remained pending precludes him from pursuing his claims.

Initially, the fact that Sanchez had to request an exemption does not itself constitute an injury. *Campbell v. Edward-Elmhurst Health*, No. 23-CV-02799, 2024 WL 2248795, at *2 (N.D. Ill. May 17, 2024). Had Sanchez waited and received an exemption, he also could not challenge the City's vaccination policy. *See Klaassen v. Trs. of Ind. Univ.*, 24 F.4th 638, 639 (7th Cir. 2022) (plaintiffs did not have standing to challenge vaccine mandate where they qualified for a religious exemption). And while the City had denied two prior exemption requests, Sanchez went ahead and received the COVID-19 vaccine while his third exemption request remained pending and prior to the City having taken any action against him. This voluntary decision to receive the vaccine amounts to a "self-inflicted harm motivated by fears of a future denial of a religious exemption," which "cannot establish standing." *Campbell v.*

5

*Edward-Elmhurst Health*, No. 23-CV-02799, 2024 WL 5247932, at *2 (N.D. Ill. Dec. 30, 2024); *see also Savel v. MetroHealth Sys.*, 96 F.4th 932, 940 (6th Cir. 2024) ("[A] person cannot manufacture a case or controversy by acting of their own accord and then blaming someone else for the fallout."). Granted, some instances may exist where a "seemingly voluntary decision is not voluntary at all," such as where "the defendant forced the plaintiff's hand, and the plaintiff was left with no choice but to give up something of value or suffer an unpleasant consequence." *Savel*, 96 F.4th at 940. But because Sanchez acted before receiving a final response from the City on his third exemption request and his work continued without interruption, he lacks standing to now claim that the City's policy and actions violated his religious beliefs and caused him emotional distress. *See id.* at 941–42 (plaintiffs who resigned after submitting exemption requests but before the requests were denied lacked standing to challenge defendant's vaccine policy, while plaintiffs who resigned after the defendant denied their exemption requests had standing); *Capuano v. Eli Lilly & Co.*, No. 1:22-CV-01651, 2023 WL 5722671, at *4–6 (S.D. Ind. Sept. 5, 2023) (no standing where plaintiffs chose to abide by vaccine mandate and their work continued without interruption); *Ananias v. St. Vincent Med. Grp., Inc.*, No. 1:22-CV-1723, 2022 WL 17752208, at *3–5 (S.D. Ind. Dec. 19, 2022) (no standing for religious discrimination claim where plaintiff received the COVID-19 vaccine after defendant denied her religious exemption request but before the vaccine mandate's deadline for compliance).

## CONCLUSION

For the foregoing reasons, the Court grants the City's motion to dismiss [27]. The Court dismisses Sanchez's amended complaint without prejudice for lack of subject matter jurisdiction and terminates this case.

Dated: April 7, 2025

                                                    SARA L. ELLIS
                                                    United States District Judge